Case.net: 20SL-CC03866 - Docket Entries                                                                 Page 1 of 1

## Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                    GrantedPublicAccess

**20SL-CC03866 - ALYSHA STAVRON V KFORCE INC. (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**          Sort Date Entries: ◉ Descending     Display Options: All Entries
**Click here to Respond to Selected Documents**                  ○ Ascending

**08/16/2020**  ☐ **Certificate of Service**
   Service Return; Electronic Filing Certificate of Service.
       **Filed By:** RUSSELL CARLLEY RIGGAN
       **On Behalf Of:** ALYSHA STAVRON

**08/13/2020**  ☐ **Summons Issued-Circuit**
   Document ID: 20-SMCC-7171, for KFORCE INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**08/06/2020**  ☐ **Note to Clerk eFiling**
       **Filed By:** RUSSELL CARLLEY RIGGAN

   ☐ **Motion Special Process Server**
   REQUEST FOR APPOINTMENT OF PROCESS SERVER.
       **Filed By:** RUSSELL CARLLEY RIGGAN
       **On Behalf Of:** ALYSHA STAVRON

   ☐ **Entry of Appearance Filed**
   Entry of Appearance; Electronic Filing Certificate of Service.
       **Filed By:** SAMUEL WALKER MOORE
       **On Behalf Of:** ALYSHA STAVRON

**08/04/2020**  ☐ **Judge/Clerk - Note**
   NO SUMMONS ISSUED DUE TO MISSING SERVICE FEES OR SPECIAL PROCESS SERVER FORM. SERVICE FEE = $36.00 PER DEFENDANT WITH A ST. LOUIS COUNTY ADDRESS. PLEASE E-FILE A SERVICE MEMO WITH THE MISSING SERVICE FEES ATTACHED. -NO SUMMONS ISSUED

**07/21/2020**  ☐ **Filing Info Sheet eFiling**
       **Filed By:** RUSSELL CARLLEY RIGGAN

   ☐ **Pet Filed in Circuit Ct**
   Petition; Exhibit 1; Exhibit 2.
       **Filed By:** RUSSELL CARLLEY RIGGAN
       **On Behalf Of:** ALYSHA STAVRON

   ☐ **Judge Assigned**
   DIV 8

Case.net Version 5.14.0.17               Return to Top of Page                    Released 11/25/2019

https://www.courts.mo.gov/casenet/cases/searchDockets.do                              8/25/2020

**EXHIBIT A**

Electronically Filed - St Louis County - July 21, 2020 - 09:10 AM

**20SL-CC03866**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
21st JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| **ALYSHA STAVRON**, | ) |
| Plaintiff, | ) |
| v. | ) |
| **KFORCE INC.**, | ) Case No. |
| <u>Serve</u>: CT Corporation System | ) **JURY TRIAL DEMANDED** |
| 120 South Central Ave. | ) |
| Clayton, MO 63105 | ) |
| Defendant. | ) |

## PETITION

COMES NOW Plaintiff Alysha Stavron ("Plaintiff"), by and through her undersigned counsel, and for her Petition against Defendant KForce Inc. (hereinafter "KForce" or "Defendant"), states as follows:

### INTRODUCTION

1.  This lawsuit is being brought by Plaintiff to seek redress for unlawful employment discrimination. In August 2019, Defendant expressed interest in hiring Plaintiff and conducted multiple interviews of Plaintiff to that end. Upon learning that Plaintiff was pregnant, Defendant changed course dramatically and elected not to hire Plaintiff. Defendant failed and refused to hire Plaintiff because of Plaintiff's pregnancy. Plaintiff brings claims for redress pursuant to the Missouri Human Rights Act and the Title VII of the Civil Rights Act of 1964 (as amended by the Pregnancy Discrimination Act of 1978).

### PARTIES

2.  Plaintiff is an adult female resident of the State of Missouri.

**EXHIBIT A**

Electronically Filed - St Louis County - July 21, 2020 - 09:10 AM

3.  Defendant KForce Inc. is a corporation registered to do business in the State of Missouri.

## JURISDICTION AND VENUE

4.  Venue is proper in this Court because the actions/events that gave rise to this Petition occurred within the County of St. Louis, Missouri.  This Court maintains jurisdiction and venue over Plaintiff's claims brought herein pursuant to R.S. Mo. § 213.111 and/or § 508.010.

## GENERAL ALLEGATIONS

5.  In August of 2019, Plaintiff was in contact with a KForce recruiter named Joe Thompson regarding potential placement in a position with a different employer.

6.  Plaintiff met with Mr. Thompson at KForce's office location, and during that meeting Thompson inquired as to whether Plaintiff would have any interest in being employed directly by KForce as a sales employee for the Company.

7.  After Plaintiff confirmed her interest in the position with KForce, she met with Becky Greer, the Company's hiring manager, for an interview.

8.  After discussing the position and Plaintiff's resume/qualifications, Ms. Greer remarked that Plaintiff would be a great fit for the position.

9.  The conversation between Plaintiff and Greer then pivoted to a discussion about family, at which point Plaintiff disclosed the fact that she was pregnant and due in October of 2019.

10. The meeting between Plaintiff and Ms. Greer concluded with Greer stating that the KForce's internal recruiter (Jackie Renfro) would be in touch to discuss further.

11. Plaintiff, now concerned that her pregnancy would be held against her, sent a follow up email to Ms. Greer and Ms. Renfro shortly after the initial office meeting.  In that email, Plaintiff

**EXHIBIT A**

Electronically Filed - St Louis County - July 21, 2020 - 09:10 AM

reiterated her interest in the position, and also volunteered that she intended to only take four weeks off following the birth of her child and would not need health insurance benefits from KForce.

12. After sending this email, Ms. Renfro called Plaintiff. In that phone call, Ms. Renfro stated that "Becky (Greer) loves you" and proceeded with scheduling a second interview to occur on August 23, 2019.

13. In the August 23, 2019 interview, Ms. Greer stated that the KForce definitely wanted Plaintiff for the position.

14. Ms. Greer then again asked Plaintiff to disclose her exact due date. Once Plaintiff provided that information, Ms. Greer responded by stating that she did not believe Plaintiff could retain the training provided by KForce following the four weeks of leave.

15. Ms. Greer then stated that KForce wanted to hire Plaintiff, but only after she gave birth and was in a position to return to work.

16. Plaintiff was taken aback by Ms. Greer's comment, and responded by stating that she would like to start the position immediately (and also expressed concern that she would risk losing the position if she waited to accept it).

17. Ms. Greer replied to that concern by stating, "We always have this position open."

18. After this conversation, Ms. Greer had Plaintiff talk to a different employee about some specifics of the sales position, and Plaintiff left the interview without being able to discuss the matter further with Ms. Greer.

19. After this interview, Plaintiff sent another email to Ms. Greer and Ms. Renfro. In that email, dated August 29, 2019, Plaintiff stated, "I just wanted to touch base with you both. Becky, you had said that she wanted to wait to hire me until I had the baby due to retaining training knowledge and job requirement." In the email, Plaintiff also stated, "If you are willing to start me

**EXHIBIT A**

now, I can assure you that I can very well retain what I've learned & like I have previously stated, come back with my feet ready to run.  I have no doubt in my mind that I can meet my goals."

20. Shortly after Plaintiff sent this email, Ms. Greer called her.  In that phone call, Ms. Greer stated that KForce was now putting the open position on hold and suggested that Plaintiff call back after she had her baby. In the call, Ms. Greer confirmed that KForce would not be moving forward with hiring Plaintiff.

21. On January 14, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and Missouri Commission on Human Rights, alleging unlawful employment discrimination based on her pregnancy.

22. On May 1, 2020, The Equal Employment Opportunity Commission issued Plaintiff a notice of right to sue on Plaintiff's Charge of Discrimination.  A copy of said right to sue letter is attached hereto as Exhibit 1.

23. On July 7, 2020, the Missouri Commission on Human Rights issued Plaintiff a notice of right to sue on Plaintiff's Charge of Discrimination.  A copy of said right to sue letter is attached hereto as Exhibit 2.

24. Plaintiff thereafter filed this action in a timely manner.

## COUNT I:  PREGNANCY DISCRIMINATION
## IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

25. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

26. Defendant is an employer within the scope and meaning of the Missouri Human Rights Act and was the employer of Plaintiff during times relevant.

27. During all times relevant, Plaintiff was a member of a class protected by the Missouri Human Rights Act.

**EXHIBIT A**

Electronically Filed - St Louis County - July 21, 2020 - 09:10 AM

28. Defendant unlawfully discriminated against and failed/refused to hire Plaintiff because of Plaintiff's gender-related trait: her pregnancy.

29. Defendant's actions and omissions, as aforesaid, constitute unlawful employment practices in violation of the Missouri Human Rights Act.

30. As a direct result of Defendant's unlawful employment practices, Plaintiff has been damaged in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

31. The actions of Defendant as alleged herein were outrageous because of Defendant's evil motive or reckless indifference to the rights of others, entitling Plaintiff to an award of punitive damages.

WHEREFORE, on Count I of this Complaint, Plaintiff demands judgment against Defendant and prays for: (1) a sum of money making Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status; (2) temporary, preliminary, and/or permanent injunctive relief, including but not limited to an Order requiring Defendant to hire Plaintiff and/or provide Plaintiff with an appropriate position of employment at a rate of pay and benefits commensurate with Plaintiff's qualifications and experience; (3) punitive damages to punish and deter Defendant and others from like conduct; (4) costs and expenses of litigation and a reasonable sum as and for attorneys' fees; (5) pre-judgment interest; and (6) such other and further equitable and legal relief as this Court deems just and proper.

**COUNT II:  PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT OF 1978**

32. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

**EXHIBIT A**

Electronically Filed - St Louis County - July 21, 2020 - 09:10 AM

33. Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, prohibits discrimination because of pregnancy.

34. In failing and refusing to hire Plaintiff because of her pregnancy, Defendant has discriminated against Plaintiff in violation of federal law.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, and diminished employment status.

36. Defendant's actions were intentional, willful, knowing, wanton, malicious, in flagrant disregard for the rights of Plaintiff, and/or with reckless indifference to the federally protected rights of Plaintiff. As such, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, on Count II of this Petition, Plaintiff demands judgment against Defendant and respectfully requests: (1) a sum of money making Plaintiff whole for the harm caused, including compensatory damages, back pay, front pay, lost benefits, and damages for emotional distress, humiliation, and diminished employment status; (2) temporary, preliminary, and/or permanent injunctive relief, including but not limited to an Order requiring Defendant to hire Plaintiff and/or provide Plaintiff with an appropriate position of employment at a rate of pay and benefits commensurate with Plaintiff's qualifications and experience; (3) punitive damages to punish and deter Defendant and others from like conduct; (4) costs and expenses of litigation, and a reasonable sum as and for attorneys' fees; (5) pre-judgment interest; and (6) such other and further equitable and legal relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS TRIABLE TO A JURY.**

**EXHIBIT A**

Electronically Filed - St Louis County - July 21, 2020 - 09:10 AM

Respectfully submitted,

**RIGGAN LAW FIRM, LLC**

  /s/ *Russell C. Riggan*
Russell C. Riggan, # 53060
Samuel W. Moore, #58526
130 West Monroe Avenue
Kirkwood, Missouri 63122
Phone  314-835-9100
Fax  314-735-1054
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

*Attorneys for Plaintiff*

**EXHIBIT A**



| EEOC Form 161-B (11/16) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | 20SL-CC03866 |
|---|---|---|
| | **NOTICE OF RIGHT TO SUE** (ISSUED ON REQUEST) | |

| To: | Alysha Stavron<br>128 Champions Lane<br>Wentzville, MO 63385 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2020-00900 | Walter H. Harris, III,<br>Investigator | (314) 539-7936 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Lloyd J. Vasquez, Jr.,_ (signature)
**Lloyd J. Vasquez, Jr.,
District Director**

05/01/2020
(Date Mailed)

Enclosures(s)

cc:
Susan Weeks
Paralegal
Kforce Inc.
1001 E. Palm Ave.
Tampa, FL 33605

Erin G Jackson
Attorney
100 N. Tampa Street, Suite 2310
Tampa, FL 33602

Samuel W. Moore
RIGGAN LAW FIRM, LLC
130 West Monroe Ave.
Kirkwood, MO 63122

**EXHIBIT A**

Electronically Filed - St Louis County - July 21, 2020 - 09:10 AM



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
**MISSOURI COMMISSION ON HUMAN RIGHTS**



20SL-CC03866

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Alysha Stavron
128 Champions Lane
Wentzville, MO  63385

RE:   Stavron vs. Kforce, Inc.
       FE-1/20-31512     560-2020-00900

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

*[signature]*

Alisa Warren Ph.D.
Executive Director

July 7, 2020
Date

Kforce, Inc.
530 Maryville Centre Dr.
St. Louis, MO  63141

Samuel W. Moore
Riggan Law Firm, LLC
130 W. Monroe Ave.
Kirkwood, MO  63122
*Via email*

☐   ☐   ☒   ☐

**EXHIBIT A**

Electronically Filed - St Louis County - August 06, 2020 - 09:42 AM

## IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY, MISSOURI
## 21ST JUDICIAL CIRCUIT

| | |
|---|---|
| **ALYSHA STAVRON**,  ) | |
| Plaintiff,  ) | |
|   ) | |
| v.  ) | Case No. 20SL-CC03866 |
|   ) | **JURY TRIAL DEMANDED** |
| **KFORCE INC.,**  ) | |
| Defendant.  ) | |

### ENTRY OF APPEARANCE

COMES NOW Attorney Samuel W. Moore of Riggan Law Firm, LLC, and enters his appearance on behalf of the Plaintiff in the above matter.

Respectfully submitted,

RIGGAN LAW FIRM LLC

  /s/ *Samuel W. Moore*
Russell C. Riggan, #53060
Samuel W. Moore, #58526
130 West Monroe Avenue
Kirkwood, MO  63122
P 314-835-9100
F 314-735-1054
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

A copy of this document was issued to all attorneys of record via the Court's electronic filing system on the date indicated therein.

  /s/  *Samuel W. Moore*

**EXHIBIT A**

Electronically Filed - St Louis County - August 06, 2020 - 09:45 AM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

__ALYSHA STAVRON,__
Plaintiff/Petitioner

vs.

__KFORCE INC.,__
Defendant/Respondent

For File Stamp Only

__August 4, 2020__
Date

__20SL-CC03866__
Case Number

__8__
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __ALYSHA STAVRON__, pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

__Scott Brown / SB Serve__        __PO Box 698, Jackson, MO 63755__    __573-450-8787__
Name of Process Server              Address                             Telephone

_____
Name of Process Server              Address or in the Alternative       Telephone

_____
Name of Process Server              Address or in the Alternative       Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
__CT Corporation System__                       _____
Name                                            Name
__120 South Central Ave.__                      _____
Address                                         Address
__Clayton, MO 63105__                           _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:
_____                          _____
Name                                            Name
_____                          _____
Address                                         Address
_____                          _____
City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk              /s/ Russell C. Riggan
                                                Signature of Attorney/Plaintiff/Petitioner
                                                #53060
By _____                       Bar No.
   Deputy Clerk                                 130 W. Monroe Ave, Kirkwood, MO 63122
                                                Address
_____                          (314) 835-9100        (314) 735-1054
Date                                            Phone No.              Fax No.

CCADM62-WS    Rev. 08/16

**EXHIBIT A**

Electronically Filed - St Louis County - August 06, 2020 - 09:45 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS       Rev. 08/16

**EXHIBIT A**

Electronically Filed - St Louis County - August 06, 2020 - 09:45 AM

In the
# CIRCUIT COURT
Of St. Louis County, Missouri

ALYSHA STAVRON,
Plaintiff/Petitioner

vs.

KFORCE INC.,
Defendant/Respondent

For File Stamp Only

Date: August 4, 2020

Case Number: 20SL-CC03866

Division: 8

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ALYSHA STAVRON, pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Scott Brown / SB Serve      PO Box 698, Jackson, MO 63755      573-450-8787
Name of Process Server        Address                           Telephone

_____  _____   _____
Name of Process Server        Address or in the Alternative     Telephone

_____  _____   _____
Name of Process Server        Address or in the Alternative     Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
CT Corporation System
Name
120 South Central Ave.
Address
Clayton, MO 63105
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By  /s/ Lakrisha Gardner
      Deputy Clerk

8/13/2020
Date

/s/ Russell C. Riggan
Signature of Attorney/Plaintiff/Petitioner
#53060
Bar No.
130 W. Monroe Ave, Kirkwood, MO 63122
Address
(314) 835-9100          (314) 735-1054
Phone No.               Fax No.

CCADM62-WS   Rev. 08/16

**EXHIBIT A**

Electronically Filed - St Louis County - August 06, 2020 - 09:45 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS       Rev. 08/16

**EXHIBIT A**

 **IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 20SL-CC03866 |
|---|---|
| Plaintiff/Petitioner:<br>ALYSHA STAVRON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RUSSELL CARLLEY RIGGAN<br>130 W MONROE AVE<br>KIRKWOOD, MO  63122 |
| Defendant/Respondent:<br> KFORCE INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

### Summons in Civil Case

**The State of Missouri to:**  KFORCE INC.
                         **Alias:**
R/A CT  CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
ST. LOUIS, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**13-AUG-2020**
   Date                                                                                                                        Clerk

**Further Information:**
LG

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____                          _____
    Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____       _____
                                                    Date                                            Notary Public

**Sheriff's Fees, if applicable**
Summons                         $_____
Non Est                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $      10.00
Mileage                              $_____ (_____ miles @ $._____ per mile)
**Total**                              $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT A**

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**EXHIBIT A**

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

**EXHIBIT A**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: DEAN PAUL WALDEMER | Case Number: 20SL-CC03866 |
|---|---|
| Plaintiff/Petitioner: ALYSHA STAVRON  vs. | Plaintiff's/Petitioner's Attorney/Address RUSSELL CARLLEY RIGGAN 130 W MONROE AVE KIRKWOOD, MO 63122 |
| Defendant/Respondent: KFORCE INC. | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: KFORCE INC.
Alias:
R/A CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
ST. LOUIS, MO 63105

COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

13-AUG-2020
Date

_____
Clerk

Further Information:
LG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
CT Corporation System (name) Bonnie Love / Intake Specialist (title).
☐ other _____
Served at 120 South Central Avenue Suite 400 Clayton, Mo. 63105 (address)
in St. Louis (County/~~City of St. Louis~~), MO, on 8-14-2020 (date) at 1:00 pm (time).

Scott Brown / SB Serve, LLC                                     _Scott_
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on Aug. 14, 2020 (date).
My commission expires: 5/30/2022
Date                                                              Notary Public

"NOTARY SEAL"
Denise Wilson, Notary Public
Scott County, State of Missouri
My Commission Expires 5/30/2022
Commission Number 18744590

Sheriff's Fees, if applicable
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 20-SMCC-7171   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**EXHIBIT A**

Electronically Filed - St Louis County - August 16, 2020 - 12:29 PM